STATE EX REL. JAMES A. BOONE, Relator, v. THE
DISTRICT COURT OF THE SECOND JUDICIAL DIS-
TRICT of the State of Montana, in and for the County
of Silver Bow, and JOHN B. McCLERNAN, One of the
Judges Thereof, Respondents.

No. 10522.

Submitted October 23, 1962. Decided October 29, 1962.
Rehearing denied November 15, 1962.

375 P.2d 688

Joseph P. Monaghan, Butte, for relator.
No appearance for respondent.

PER CURIAM.

Original Proceeding. James A. Boone, as relator, presented
a petition for writ of certiorari, seeking a review of the pro-

ceedings in the district court of Silver Bow County in February of 1957, wherein he was committed to the state hospital at Warm Springs, and has since remained.

Following the ex parte hearing this court requested relator's counsel to secure for our examination the files and minutes of the district court. We felt that in view of the length of time that relator has been confined, we should have the benefit of the court's records before passing upon the alleged irregularities charged by relator in his petition, and we were also informed upon the ex parte hearing that a motion had been recently presented to and denied by the district court.

It appears that relator was charged with the crime of murder and was being held in the county jail for trial when he attempted suicide; that he had been represented by an attorney upon his arraignment upon the murder charge; that following the suicide attempt relator was confined in the county hospital and an affidavit of insanity was made and filed. The hearing was held by the district judge in the county hospital, at which hearing his attorney was present.

Irregularities are present in these proceedings as contended by relator. However, much of counsel's argument on the ex parte hearing was devoted to the present and past sanity of relator. The question of procedure was raised by this court by inquiry of counsel why relator did not seek his release by a petition for restoration to competency. The competency of relator appears to us to be vital because it would avail relator nothing even if his commitment were held to have been improperly accomplished if, in fact, he is still insane. In such event another hearing would be held. While we appreciate the zeal of counsel as to the sanity of relator the fact remains that he has been in a custodial institution more than five years, and from which he could have been released at any time by the board of commissioners for the insane upon the recommendation of the hospital medical staff, though of course he would be released to the sheriff of Silver Bow County for

trial. Had the contentions here advanced been promptly presented following the hearing five years ago we would not be as concerned as we now are regarding the competency of relator.

Counsel for relator contends that to file a petition for restoration to competency would admit his client had been insane and was legally committed, which facts he disputes.

This court dealt with this problem in State ex rel. Kelly v. District Court, 73 Mont. 84, 235 P. 751, where the same contention was urged. It was disposed of in this language:

"It is asserted that by filing the petition for restoration relatrix not only admitted the validity of the order declaring her incompetent and appointing a guardian of the person and estate, but alleged the order to be in full force and effect, which amounts to an estoppel by pleading. It is true, but in a limited sense only, that a petition for restoration recognizes the validity of the original proceeding; it does so only as a basis for asking an order of restoration.

"* * * The purpose of a petition for restoration is simply to have determined that the petitioner, once declared incompetent, is competent. Upon the hearing of the petition, whether the order which declared the petitioner incompetent was made properly or improperly, is not a proper subject of inquiry [Grinbaum v. Superior Court, supra, 192 Cal. 528, 221 P. 635]. The question for determination is: Is the petitioner now competent? The petitioner may concede the correctness of the original order, refer to it as a pretended order, or attack it as made inprovidently; it matters not. Allegations as to the validity or invalidity of the original order in the petition for restoration are wholly immaterial. That a pleader will not be estopped by an immaterial averment does not require the citation of authorities."

In view of what we have heretofore stated and the foregoing opinion of our court, we believe the proper remedy is to file a petition for restoration to competency and upon a

hearing therein if relator is shown to be competent he will be released to the proper authorities.

This being our view, the writ is denied and the cause ordered dismissed.